May it please the court, Kevin Bové for the petitioner, Joel Ramirez-Altamirano. As a preliminary matter, following the submission of the opening brief in this case, about a week later, this court ruled in SINOTES, S-I-N-O-T-E-S hyphen Cruz versus Gonzales 468 F3rd 1190, that the stop time provision codified at 8 USC 1229B per ND per N1 may not be applied retroactively. So even if the conviction in this case is given its full legal effect, it does not terminate the petitioner's continuous physical presence for purposes of cancellation of removal. I would normally have submitted a 28-J letter. However, for some reason I did not get written notice of the oral argument. I was called last week and I guess there was some issue about the mail and but I will submit the letter. So with the with the stop time issue apparently seemingly resolved in the petitioner's favor, that leaves the Lujan-Armendariz issue controlling. Just a question. I mean, should we remand to the BIA to allow it to consider that application of that case law? The stop time? Well, I think a remand might be appropriate, for example, if the if the court rules in favor of the respondent on the Lujan-Armendariz issue, on the expungement issue. Because if the court says that there is no expungement, there is no remedy under the state rehabilitation statute, then there will be no need to remand it. So there appears to be no continuous physical presence issue under Sinote's cruise. That leaves the Lujan-Armendariz holding controlling. And to paraphrase that case, the relevant question is whether petitioner could have received relief under the Federal First Offender Act and does receive relief under a state rehabilitation statute. And the test to determine whether an alien qualifies was also set forth in Lujan-Armendariz, this court quoting the board's decision in Manrique, an alien qualifies for relief if he is a first offender, is guilty of simple possession or its equivalent, in this case the equivalent paraphernalia under Cardenas-Uriarte, has not previously been accorded first offender treatment, and the court has entered an order pursuant to a state rehabilitative statute under which the alien's criminal proceedings have been deferred pending successful completion of probation or the proceedings have been or will be dismissed after probation. The government argues that petitioner could not have received relief under the Federal First Offender Act for two reasons. First, because the consequent, all the consequences of the conviction were not erased and petitioner must in some situations still disclose his conviction. However, that's not what the Lujan-Armendariz case requires. It does not require that all the consequences of the conviction be erased and the Federal First Offender Act itself requires an adult first offender to disclose his criminal case in response to an inquiry made of him for any purpose unless the record is expunged under subsection C of the FFOA. And secondly, the government argues that the petitioner is not eligible for Federal First Offender Act status because the petitioner was not under 21 at the time of his conviction. At first, this seems to be a very good argument. However, the government cites 18 U.S.C. 3607 C, that's the subsection C of the Federal First Offender Act. However, this subsection is a suppression of evidence provision named as such in the Paredes-Orestarasu case. It's a suppression of evidence provision to bar evidence of the fact of an alien's arrest. Was Ramirez sentenced to probation? Yes, ma'am. And does it matter that he was also sentenced to imprisonment? I don't believe so, ma'am, because, Your Honor, because he would have been eligible for the Federal First Offender Act treatment. So under Lujan-Armendariz says, if he would have been eligible under the Federal First Offender Act, then he's eligible under the state rehabilitation statute as well. But in Paredes-Orestarasu, the alien in that case was already reportable on another charge. The alien in that case sought to exclude evidence of a controlled substance conviction, which would have been a very negative factor in analyzing his relief under the repealed Section 212C of the Immigration Act. So the court ruled that the offender in that case, the adult offender in that case, was not eligible for FFOA subsection C relief, the suppression of evidence provision, because in that case the alien was not under 21 at the time of his conviction. And it's also clear under the Federal First Offender Act itself, subsection B, that a disposition under subsection A or an expungement under subsection C shall not be considered a conviction for any purpose. For example, in this case, if the petitioner were trying to exclude evidence of his conviction, he would not be able to do so because he was not under 21 at the time of the conviction. Even though under subsection B, the conviction is not a conviction for the purpose of a disqualification or disability imposed by law upon conviction of a crime. And in the Lujan Armendariz case itself, Note 17, this court notes that there is a difference between the subsection C and B. Subsection C is a subsection concerning youthful offenders. And in the Manrique case, Note 5, the Board of Immigration Appeals, says that the expungement provisions are separate from and in addition to the requirements for dismissal of proceedings for first offenders under subsection A of the Act. And as a matter of fact, in Manrique, Note 6, the alien was over 21 at the time of his conviction in that case. So I think that this matter falls clearly, falls squarely under Lujan Armendariz and the court should therefore rule that the respondent's 1993 controlled substance conviction should not be given effect under the immigration law. And with that, Your Honor, I'd like to reserve my remaining time for rebuttal. Thank you. May it please the Court, Saul Greenstein, on behalf of the respondent. The narrow issue before this Court is whether the petitioner's expunged conviction under California law could have been expunged under the FFOA had he been federally prosecuted. The respondent posits that the Board properly held that the petitioner could not have hypothetically benefited from the FFOA. In the instant case, the petitioner was ineligible to have his conviction expunged pursuant to the FFOA's provisions. Since the petitioner was over 21 years of age, at the time of his crime, he did not qualify for an FFOA expungement under 18 U.S.C. 3607C. He was indeed 25. In Parides v. INS, cited by Petitioner's Counsel, this Court noted that the FFOA is limited by its terms to those persons under 21 years of age at the time of the offense. This Court further stated that it is apparent from this limitation that Congress did not intend to confer the same privilege to first offenders over that age. Does it matter that that wasn't the reason given by the BIA for ruling against the appellant? I think the BIA just generally held that the petitioner was ineligible for FFOA treatment. But they didn't, as I recall, cite his age as a reason. They said it was because the conviction hadn't been completely expunged. That's correct, Your Honor. So, procedurally, are you saying it doesn't matter? I don't – I think the BIA's conclusion was vague, but I think this analysis could be incorporated into the conclusion by virtue of the BIA's general statement that he didn't qualify for FFOA treatment. But ordinarily, we just have to – we ordinarily only review the reasons that are actually given by the BIA. We don't – it's not the same standard, say, for example, if you're upholding a decision of the district court. Here, we have to look to the reasons that the BIA gave. Right, I understand that, Your Honor. I would posit that the Board does not have to write a complete exegesis for every decision. I mean, I think – Isn't it true that it didn't consider that? And that's something that you thought of for purposes of argument or whoever wrote the brief? I'm not sure whether or not the Board considers it. And if we're not sure whether or not the Board considered it, we have to remand, right? I would disagree. Okay, on what basis? Do you have a case? I believe it's – well – We have lots of standards written out. It's case law. I'm pointing on this, so – Okay, I'm sorry. Cite me a case that says that. Well, I just disagree that the Board's decision is – Well, it's your disagreement. We have to follow Ninth Circuit law, so you cite me a case and, you know – I apologize, Your Honor. I can't think of anything off the top of my head. But then I would move to the other argument off of – the petitioner's other argument that the FFOA is still applicable despite the fact that the petitioner received a prison term. I would posit that the FFOA isn't applicable because FFOA expungements are only available for those who receive probationary terms of one year or less. And in the instant case, the petitioner received five days of jail time. And I would just refer this Court to Fernandez-Bernal, the Attorney General. It's an Eleventh Circuit decision that states that FFOA expungements are not available to anyone who's received jail time. But in California, jail time can be given as a condition of probation. So don't you get into a bit of a conundrum there? In other words, that's what happened in this case. He was given probation. One of the conditions of probation was five days in the county jail. I guess. But what I would then do is then I would just, I guess, refer to the provision under which the petitioner's conviction was expunged. It's a provision dealing strictly with expungements relating to when a defendant has received jail time versus a corresponding provision for when an alien has received just a probationary term. Well, I mean, not to get into hair splitting, but sometimes, let's say somebody's arrested Friday night for possession of drug paraphernalia, and they don't come before a judge until Monday, and they spend the weekend in jail. You know, I was a California state judge for 17 years, so I'm speaking from personal knowledge. The, quite often, a person gets put on probation. They get credit for time served for the three days they spent in jail, and then they're not eligible under the FFOA anymore. I would argue. Well, I would argue in this case, we don't have. I would argue in this case is the rap sheet just states that he was convicted and received five days of imprisonment. It doesn't state that it was because he had been spending time in jail. No, I understand that. But the statute under which he got his expungement wouldn't kick in unless he had gotten a probationary sentence, and in California, jail time can be a condition of probation. I'm not exactly sure. Given the tension between California section, penal section 1203.4, little a, versus California penal code section 1203.4, perene, perene deals with probationary sentences, while little a deals with jail time sentences. So I would just differentiate based on that point. I'd also like to now move to the application of the stop time rule in this case. Firstly, I would note that this was never challenged before the board, so there's a failure to exhaust. It's not raised in its opening brief, so the argument is essentially waived. However, given this court's decision in Cenotes Cruz, I'd still like to address it. Okay, in Cenotes Cruz. Right, that case came out after all the briefing in this case was complete. I understand that, Your Honor, but that's why I'd like to That's why I asked the question about whether that should be remanded. Well, I would, I'm sorry. I would posit that it should not be remanded. Firstly, the Petitioner's conviction, unlike Cenotes Cruz's conviction, rendered him deportable at the time that he pled. The Petitioner could have been charged with deportability based upon his commission of a controlled substance violation. In contrast, the Petitioner's conviction in Cenotes Cruz did not render him deportable. Unlike Cenotes Cruz, who would have been hypothetically eligible to apply for relief at the time of his plea, the Petitioner was not eligible to waive his conviction or apply for any form of relief at the time that he pled guilty. The only comparable relief that the Petitioner could have applied for was suspension of deportation under former 8 U.S.C. 1254A2. However, he was ineligible for that form of relief because he did not have the requisite 10 years of continuous physical presence after his commission of the crime, given the fact that his conviction was in 1993. So the retroactivity concerns addressed in Cenotes Cruz simply do not apply to this case. Your Honor, I have nothing else on this. I have something. You know, your argument that he had to have been 21 years of age before, in order for this FOFA, FFOA Act to apply, doesn't that just apply to people who are seeking the expungement of the record of the arrest? You're only eligible for an expungement of the record of the arrest if you're 21 at the time of the commitment. But if you're older than 21 at the time, then you're eligible for the relief in Subsection A. I think this Court addressed that issue in Paredes v. INS, where the Court noted that the FFOA is limited by its terms to those persons under 21 years of age at the time of the offense. The Court further stated... For purposes of the arrest. See, there's a difference, because obviously this petitioner, the record contains the whole proceedings, right? It contains his arrest and the probation that he successfully served it, and now that the conviction was expunged under California law, if you are in that category where you commit your crime under 21, if you read the statute, it says you're restored to your state of innocence before you were even arrested, which is something, you know, policy for people who are under 21, that people who are adults in the eyes of the law when they're committing the crime, they don't get to benefit from that. People over 21. Right. I mean, that's a major thing to have, even the fact that you were arrested, removed from your records. Right. But the second clause just relates to it actually being, in fact, expunged from, you know, from one's record, and I would also point this Court's attention to the language and matter of Manrique, which states, which the Board stated in a footnote, that the expungement provisions of 18 U.S.C. 3607C are separate and apart, and in addition to the requirements for dismissal of the proceedings of a first offender under 3607A. So there's an absolute link in Manrique between Sections A and Sections A. Where did you just read to me? Matter of Manrique. No, no, the sentence. Oh, sure. I'm sorry. I'll try to go. I'll go slowly. I think what you just said is 180 degrees from what you're arguing. I'm sorry. It says the expungement provisions of 18 U.S.C. 3607C under which the person must have been under 21 years of age at the time of the offense are separate and apart, and in addition to the requirements for dismissal of the proceedings of a first offender. Right. That's to expungement of arrest and conviction. I'm sorry. Would you mind repeating your inquiry? I would say yes, because it's a special category for people who are under 21 at the time they commit their offense that they get an entirely cleansed record and no one ever even knows they were ever arrested. Right. And I would posit that that's the requirements for an FFOA expungement as interpreted by the Board of Immigration Appeals in terms of what will, in fact, remove one's conviction for immigration purposes. If that's really true, then that's really important that the BIA says that. Don't you think? I would once again rely on the footnote. I mean, I would posit that it's true. In its decision. In this current decision in my case. Mike, we don't even have to get into this case because the Petitioner was over 21 at the time he was convicted. That's correct. Well done. I mean, then why even write an opinion? All you have to do is write that sentence. I understand the Court's concern. All right. Thank you very much, Counsel. You're welcome. Yes, Your Honor. I think the Court has arrived at the point that I wanted to also make, that I think that Subject in C of the FFOA is akin to a record-sealing-type statute akin to sealing the record of a juvenile so that people would know. And indeed, in Nipiretti's case, that is what the alien tried to do. He was over 21 and tried to exclude evidence of that as not because the conviction would make him deportable or disqualify him from relief because he was already being deported for other convictions. He was trying to keep it out of the record, all reference of it, as Subsection C would normally require for a juvenile or under 21 person. But the Nipiretti's Court, Ninth Circuit, said no because Subsection C relief is not available to a person under 21. Just for purposes of clarification, where in Sections A and B, what's the language that indicates expungement of the conviction? Very good, Your Honor. I think that it doesn't. And I think that in Lujan, Armendariz, the Court also said that expungement is a misnomer. But we use that as sort of a convenient term when what they really meant was the granting of relief under a state rehabilitation statute. So just to clarify, it's only in C that expungement? Yes, ma'am. I think that in the U.S. Code, in 18 U.S.C. 3607, Subsection C, expungement really means sealing of a record. Well, it means granting of relief and sealing of a record. No, I'm sorry. No, it means only sealing of the record. Subsection A is where the disposition is no longer a conviction for any purpose. And that is found in the last sentence of Subsection B, a disposition under Subsection A or a conviction that is the subject of an expungement order under Subsection C shall not be considered a conviction for the purpose of a disqualification or a disability imposed by law upon conviction of a crime or for any other purpose. So I think that C is a record-sealing provision. And I think the Lujan Armendariz case had it right that expungement is a misnomer. It is a convenient term for what is often mixed up. But that's why the court used that term interchangeably with the granting of relief under a state rehabilitation statute. And that is what the petitioner received in this case. He was eligible because he was eligible for Subsection A relief. And therefore, the court should please grant his petition. Thank you, Your Honor. And that's, to be clear, that's all explained in Footnote 11 of Lujan Armendariz? Yes, ma'am. Lujan Armendariz is a very... Very interesting. You do use those words. Yes. And it was Judge Reinhardt, I believe, he was saying that at Note 11 that expungement is a misnomer. And that's what he said. But we use the term as a matter of convenience. But I think that the real... It says also, near or at Note 11, the relevant question is whether a petitioner could have received relief under the FFOA and does receive relief under a state rehabilitation statute. Thank you, Your Honor. All right. Thank you. Ramirez Altamirano is submitted. We'll take up Felix Corona v. McCasey.
judges: Wardlaw, Ikuta, Fogel